CHARLES L. REES
California State Bar No. 200682
**LAW OFFICES OF CHARLES L. REES**
424 F Street, Suite 205
San Diego, California 92101
Telephone: (619) 239-9300
Facsimile: (619) 702-5415
charlesreeslaw@gmail.com

MARC X. CARLOS
California State Bar No. 132987
**MARC CARLOS LAW, A.P.C.**
424 f Street, suite 205
San Diego, California 92101
Telephone: (619) 702-3226
Facsimile: (619) 702-5415
marc@marccarloslaw.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAESA VAUGHN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHIMAR RENTERIA, and DOES 1-50, inclusive<br><br>Defendants. | **Case No.: 2:24-cv-07404-RAO**<br>Complaint Filed: August 30, 2024<br><br><br>**JOINT STATUS REPORT 06/25/2026** |

TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, ALL COUNSEL AND ALL PARTIES:

The Parties file the instant Joint Status Report to inform the Court that no opposition to the Parties' Application for Settlement Approval has been filed and to request that the Court continue the July 1, 2026, status conference to July 1, 2027,

so the parties may complete the terms of the settlement agreement. The reasons for this request are as follows.

A. **Background**

A Settlement Conference was held before the Honorable Judge Douglas F. McCormick on October 16, 2025, at which time the parties reached an agreement to settle the case and all causes of action filed by Plaintiff Jaesa Vaughn against Defendant Joshimar Renteria. The terms of the agreement, and the parties' consent to those terms, were stated on the record on that same date.

On October 22, 2025, the parties filed a Joint Notice of Settlement and Request to Stay Proceedings Until Application of Good Faith Settlement Finalized. [ECF No. 35.] The Court granted the parties' joint request and scheduled a status conference for January 7, 2026. [ECF No. 37.] The Court further directed the parties to file a joint status report on January 5, 2026, in the event the settlement agreement and dismissal papers were not filed by that date. [Id.] On December 15, 2025, the Court vacated the January 7, 2026, status hearing but left the January 5, 2026, deadline for filing the joint status report. [ECF No. 38.]

The parties' Joint Status Report was filed on January 5, 2026. [ECF No. 39.] The Joint Status Report explained that the parties needed additional time to finalize the settlement agreement. [Id.] Specifically, the parties stated they needed additional time to obtain documents from health care providers, communicate with

potentially interested third parties, and complete the good faith application/motion for good faith settlement.  The Court granted the parties joint request, setting a status video conference for April 8, 2026, with a joint status report due by March 30, 2026, in the event the case had not yet been dismissed.  [ECF No. 40.]

A further Joint Status Report was filed on March 25, 2026, [ECF No. 41].  The March 25, 2026, Joint Status Report requested additional time given difficulties with obtaining billing records from health care providers and communications with DHCS and CMS.  [Id. at p.2] The Court granted the parties joint request, setting a video conference for June 10, 2026, with a joint status report due by May 30, 2026, if the case had not yet been dismissed.  [ECF No. 42.]

On May 29, 2026, the parties filed a joint status report informing the Court that the settlement agreement had been finalized and executed, and that Defendant's counsel had filed the notice of settlement and application for good faith settlement papers with the Court. [ECF No. 44.] The Court was further informed that Defendant's counsel served all potentially interested parties by certified mail.  The parties further requested in their joint status report that if no opposition was filed to the parties' Application for Good Faith Settlement, that the Court sign the proposed order granting the application.  [Id.]

On June 4, 2026, the Court ruled by minute order that "[a]ny motion to contest the good faith of the settlement must be filed within 25 days of the mailing of the

notice, application, and proposed order." [ECF No.45.]   The Court set a status conference hearing on the application for settlement approval for July 1, 2026. [Id.]

## B.  Request

Counsel for Defendant mailed a copy of the Notice, Application and Proposed Order for Good Faith Settlement to potentially interested "parties" on May 26, 2026. [ECF No. 43.]  Any such person or party in opposition to the resolution between Plaintiff Vaughn and Defendant Renteria, therefore, had until June 20, 2026, to file a motion to contest the good faith settlement.  *See Cal. Civ. Proc. Code Section 777.6(a)(2)*.  No such motion has been filed.  The parties therefore request that the Court grant the parties' application for good faith settlement, vacate the July 1, 2026, status hearing, and set a further status hearing for July 1, 2027.  Continuing the status hearing to July 1, 2027, will enable the parties to complete the terms of the settlement agreement.  If the terms of the settlement agreement have been satisfied on or before July 1, 2027, Plaintiff Vaughn will move to dismiss the action against Defendant Renteria.

//

//

//

//

Dated: June 25, 2026          */s/ Charles L. Rees*

LAW OFFICES OF CHARLES L. REES
Charles L. Rees
Attorney for Plaintiff

Dated: June 25, 2026          */s/ Marc X. Carlos*
MARC CARLOS LAW A.P.C.
Marc X. Carlos
Attorney for Plaintiff

Dated: June 25, 2026          */s/ Joseph M. Aliberti*
LAW OFFICES JOSEPH M. ALIBERTI
Attorney for Defendant